Aidan W. Butler (SBN 208399)
Attorney at Law
3550 Wilshire Boulevard, Suite 1924
Los Angeles, California 90010
Telephone: (213) 388-5168
Telecopier: (213) 388-5178
tocontactaidan@gmail.com

Attorneys for Plaintiff MARISSA L. MARTINEZ

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARISSA L. MARTINEZ, an individual,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>WESTSIDE RECOVERY SERVICES, LLC, a California limited liability company; and DOES 1-10, inclusive,<br><br>　　　　　Defendants. | CASE NO.:<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>**1) THE FAIR DEBT COLLECTION PRACTICES ACT,**<br><br>**AND**<br><br>**2) THE ROSENTHAL ACT.**<br><br>**DEMAND FOR JURY TRIAL.** |

## I. JURISDICTION AND VENUE.

1. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367. Declaratory relief is available pursuant to 28 U.S.C. §2201 and 2202.

2. Venue in this District is proper in that Plaintiff's claim arose in this District.

///

## II. THE PARTIES.

3. The plaintiff, MARISSA L. MARTINEZ ("Plaintiff"), is a natural person. At all relevant times, she resided in the county of Los Angeles, California.

4. Defendant WESTSIDE RECOVERY SERVICES, LLC (hereinafter "WRS"), is, and at all times relevant herein was, a California professional corporation with its principal place of business at 6200 Wilshire Blvd., Suite 1100, Los Angeles, California 90048.

5. The true names and capacities, whether individual, corporate, associate or otherwise, of the defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues such defendants by such fictitious names. Plaintiff will amend this complaint to show the true names and capacities of such defendants when they have been ascertained. Plaintiff is informed and believes that each of the defendants designated herein as a DOE was in some manner responsible for the occurrences and injuries alleged herein.

6. At all times mentioned herein, each of the defendants was the agent and employee of the other named defendants, and in doing the things alleged were acting within the course and scope of such agency and employment, and in doing the acts herein alleged were acting with the consent, permission and authorization of the remaining defendants. All actions of each of the defendants were ratified and approved by the other named defendants.

7. Defendants are debt collectors, as defined by the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6), and as defined by California Civil Code section 1788.2( c).

## III. FACTUAL ALLEGATIONS.

8. Plaintiff, who is not a minor, received personal medical treatment from a doctor in the County of Los Angeles. The last date of any service from the doctor (or her facility) was on or around April 24, 2014. The medical services were paid for

by Plaintiff's insurance. A dispute arose between the doctor's office and Plaintiff relating to the account. Plaintiff voiced her disputes directly with the doctor's office and refused to pay the disputed account. Without ever addressing Plaintiff's disputes, the doctor turned the alleged debt over for collection to WRS. Before that, the doctor sent Plaintiff a "final notice" dated April 17, 2015, claiming an "amount due" of $216.84.

9. WRS began dunning Plaintiff on or around December 28, 2015. In its first communication with Plaintiff, WRS inaccurately claimed a "principal balance" of $490.08 – an amount more than double what the doctor herself had claimed to be the "amount due" in her "final notice." WRS' letter conceded, "This communication is from a debt collector and is an attempt to collect a debt."

10. WRS' initial correspondence was followed by a series of subsequent collection letters which included larger monetary demands. The subsequent collection letters added interest computations – based on a rate of 10 percent per year – which erroneously presupposed the accuracy of the "principal" amount of $490.08. On April 10, 2016, frustrated, vexed and annoyed by WRS' relentless communications, Plaintiff wrote back to WRS, stating in her letter, "I am writing to request that you stop ALL communications to me regarding [the doctor], as required by the Fair Debt Collection Practices Act, 15 U.S.C. 1692c(c). I have previously disputed this debt with the original creditor as this is not a valid debt."

11. WRS received Plaintiff's cease communication letters shortly thereafter, on April 13, 2016.

12. However, WRS ignored Plaintiff's requests to cease communication regarding the debt. On the very same day it received Plaintiff's cease communication letter, April 13, 2016, WRS sent Plaintiff another letter, this one indicating that WRS had contacted the doctor that same day and, based thereupon,

had verified the debt.[1]

13. WRS's letter of April 13, 2016, bearing the signature of Leonard Gilbert, WRS' General Manager, conceded, "This communication is from a debt collector and is an attempt to collect a debt."

14. Both of WRS's letters were attempts to collect sums of money that included fees, penalties and interest not authorized by any enforceable contract or statute.

## FIRST CLAIM FOR RELIEF

(For Violations of the FDCPA Against WRS and DOES 1 through 5, inclusive)

15. Plaintiff repeats and reincorporates by reference the paragraphs 1 through 14 above.

16. Defendants, and each of them, violated the FDCPA. Defendants' violations include, but are not limited to, the following:

a) Using false representations and deceptive means to collect or attempt to collect a debt, in violation of 15 U.S.C. §1692e(10);

b) Using unfair and/or unconscionable means to collect an alleged debt, in violation of 15 U.S.C. §1692f;

c) Contacting Plaintiff in attempts to collect a debt after receiving cease communication directives, in violation of 15 U.S.C. §1692c( c);

d) Attempting to collect an amount (including any interest, fee, charge, or expense incidental to the principal obligation) not expressly authorized by the agreement creating the purported debt or permitted by law, in violation of 15 U.S.C. §1692f(1).

17. As a direct and proximate result of the above violations of the FDCPA,

---

[1] Plaintiff's letter had not requested that WRS verify or validate the debt at all, but rather, had demanded that WRS cease communication regarding the debt.

Plaintiff has suffered actual damages, including but not limited to feelings of anguish, frustration, humiliation, anxiety, and stress, among other things. For that reason, Defendants, and each of them, are liable to Plaintiff for declaratory judgment that defendants' conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, costs and attorney's fees.

## SECOND CLAIM FOR RELIEF

(For Violations of the Rosenthal Act Against WRS and DOES 1 through 5, inclusive)

18. Plaintiff repeats and reincorporates by reference the paragraphs 1 through 17 above.

19. Defendants, and each of them, knowingly and wilfully violated California's Rosenthal Fair Debt Collection Practices Act (hereinafter the "Rosenthal Act"). Defendants' violations include, but are not limited to, the following acts performed in attempting to collect a consumer debt:

a) Using false representations and deceptive means to collect or attempt to collect a debt, in violation of 15 U.S.C. §1692e(10) and California Civil Code section 1788.17;

b) Using unfair and/or unconscionable means to collect an alleged debt, in violation of 15 U.S.C. §1692f and California Civil Code section 1788.17;

c) Contacting Plaintiff in attempts to collect a debt after receiving cease communication directives, in violation of 15 U.S.C. §1692c( c) and California Civil Code section 1788.17; and

d) Attempting to collect an amount (including any interest, fee, charge, or expense incidental to the principal obligation) not expressly authorized by the agreement creating the purported debt or permitted by law, in violation of 15 U.S.C. §1992f(1) and California Civil Code section 1788.17.

20. As a result of defendants' violations of the Rosenthal Act, pursuant to

Civil Code section 1788.30, Plaintiff is entitled to actual damages, statutory damages, attorney's fees and costs.

WHEREFORE, Plaintiff requests that judgment be entered in her favor against the defendants as follows:

1. Statutory damages, pursuant to 15 U.S.C. section 1692k(a)(2) and/or Civil Code section 1788.30(b);

2. Actual damages, pursuant to 15 U.S.C. section 1692k(a)(1) and/or Civil Code section 1788.30(a);

3. Costs and reasonable attorney's fees, pursuant to 15 U.S.C. section 1692k(a)(3), and/or Civil Code section 1788.30(c) and/or Code of Civil Procedure section 490.020.

4. General damages, in an amount subject to proof at trial; and

5. Such other and further relief as the Court deems just and proper.

PLEASE TAKE NOTICE that Plaintiff MARISSA L. MARTINEZ requests a trial by jury.

DATED: July 9, 2016

Respectfully submitted,

By: _____
Aidan W. Butler
Attorney for Plaintiff
MARISSA L. MARTINEZ